May it please the Court. My name is Peter Wolfe. I'm the Federal Public Defender. I represent Mr. Troiano. The issue here principally has to do with the remedy after Mr. Troiano's 20-55 petition was granted by the District Court, and the bone of contention is really over the application of the Sentencing Package Doctrine, which ironically or semi-ironically the leading case in this circuit is United States v. Honda. Mr. Wolfe, can I interrupt you? Yes. One of the things that concerns me about your argument is it seems to me that there's a difference between how the counts were grouped and whether or not all of your arguments are ultimately going to make any difference. As I looked at the PSR and read the District Court's statements during your hearing, counts 1 and 2 were grouped together, count 3 was separate because it involved the mandatory firearm, and count 4 seems to be a standalone, but 1 and 2 provide for a range of, what is it, 30 to life or something. So even if we granted you the relief, is it going to make any difference in the ultimate outcome of the case? I think so because I think the way to look at it is what was the District Court dealing with at the time of sentencing and what would the District Court be dealing with now if there was a resentencing? But you got a 157-month downward departure, did you not, at sentencing? And it seemed to me from reading Judge Gilmour's remarks, you got a heck of a break, and she didn't seem to indicate that she was going to do anything differently, and that's why she didn't order a resent. But that involves an exercise of discretion, and so at the time of sentencing, the mandatory minimums that were applicable in Troiano's case totaled 22 years. But the guideline range is still the same for the counts 1 and 2 group, are they not? It wouldn't be on resentencing. It would have been if at the time. The reason is that Troiano is no longer a career offender, so it would necessarily involve a different exercise of discretion to get to the same result, which is a possible outcome. But the sentences, I'm really confused by your argument. The sentence she imposed was below the low end of the guideline. That's right, but it was also informed by the fact that the mandatory minimums totaled 22 years, and so I think it's a different context. If you're sentencing on a guideline of 360 to life and the mandatory minimum is 22 years, which it was here, and you're sentencing, let's say the guidelines stayed the same, which I don't think they do. But 22 years plus the mandatory on count 3, right? No, no. For the felon in possession or the? No, the 22 includes count 3. It does, okay. It was 15 mandatory minimum on count 4, which is the ACCA case where we got relief, and it was 7 mandatory consecutive on count 3 of the 924C. And so in that context, the judge came up with a 24-year sentence, which does represent a downward variance in the context of a 22-year mandatory minimum. A 24-year sentence in the context of a 7-year mandatory minimum strikes me as a different thing altogether, and that's why we think that there should have been a resentencing. And if at the resentencing the court came to the same net result. But you had a hearing before Judge Gilmour, and she said, I remember this case, I remember it very well. So where's the error? What's the mistake that Judge Gilmour made? The error? An error in her perception? No, the error is in not applying the sentencing package doctrine, which I think is mandatory. But it doesn't even – but, counsel, it doesn't look like a package. It looks like the package was – the bundled was 1 and 2. 3 was different. 4 was different. Since they were concurrent, you got 17 on 1 and 2. You got 17 on 4. You got 7 on count 3. We'd knock out 4, and that still leaves you 17 on counts 1 and 2. That's right. And she was well aware of this. Where's the abuse of discretion? Because she didn't say, I'm going to bundle these, and I'm going to bundle these different. It's insufficient for her to say, I remember this case, and I acknowledge Johnson, and I'm going to give you the same sentence. And there's – what's the error? Well, first of all, I don't think the abuse of discretion is the correct standard of view. It's a question of right or wrong. The government has argued that it's abuse of discretion on the application of sentencing package doctrine. But I think the sentencing package doctrine is mandatory. And it's not – So is it your position that every time the district court grants partial 2255 relief, then a resentencing is mandatory? Is that what you're arguing? If the sentence represents a bundled sentence, which this one does. The answer is yes. You are arguing for a mandatory resentencing. There is no discretion anymore under your view of the law. If you have a bundled sentence. And your definition of bundled is what? Is one which applied the guideline of 5G, as this one did, to reach a total sentence and apportion it out amongst the various counts. Right. But you've got separate sentences. We've got separate identifiable sentences for counts 1 and 2. Right. Count 3, a different sentence. Count 4, a different sentence. If the judge had decided to impose these and run them consecutively, which he did with count – which he had to do with count 3. But if he decided to do that with counts 1, 2, and 4, you would have ended up with 41 years instead of 24 years. That doesn't indicate – and what I'm trying to get at, counsel, is that doesn't necessarily make it a bundled sentence just because a judge has decided to run something concurrently instead of consecutively. Well, I don't think the sentencing package doctrine properly understood operates only as a one-way ratchet. If you look at the Honda case, there Honda was – which was actually the same district judge. So Honda was sentenced for possession with intent to distribute and a consecutive 924C sentence. After the Bailey decision by the Supreme Court, he got relief on that. And the district judge said, I can't do anything about count 1, possession with intent to distribute. That will be a problem of double jeopardy. And he only asked for relief on the 924C case, so I'm not going to do anything about the possession with intent to distribute. The government appealed, and this court applied the sentencing package doctrine saying, no, the two things operated together as a packaged sentence, and the court can go back and redo the possession with intent to distribute count and impliedly give a higher number on that because the consecutive 924C sentence has gone away. And I don't think that it was intended by this court in Honda that that only operates to the detriment of a defendant who gets relief. It ought to operate as a two-way street when you have the things bundled together as this one is. Would your argument be the same in a 2254 case? Well, you know. I mean, the question here is whether or not we should apply the same standard of review in 2255 that we apply in 2254. And in 2054, we've clearly said it's abuse of discretion. The choice of the remedy in issuing a conditional writ is abuse of discretion. And in the Loehr case, which was cited by the government, which was a lot of irony, that was my case, the question was, in order to remedy the problem, which was Loehr had ineffective assistance of counsel on appeal, what is the proper way to deal with it? And the court made some statements about how the conditional writ might be done. But here, where we have a straight sentencing question, the real question is, did this represent a package? And if you look at the judgment, you look at the statement of reasons, and you look at the PSR, it strikes me that it's pretty obvious that it did. And if that's true, then he's entitled to resentencing, even acknowledging, as I do, that the district could reach the same result. But Troiano ought to have a hearing at which he's entitled to bring before the court those things that might have changed since the time of the original sentence. But based on what the district judge said, as Judge Bybee pointed out, at the hearing that you had, what's going to be different if we order a remand for resentencing? What are you going to introduce that's going to change the mind of the judge? Well, the guidelines will change. The post-sentencing conduct of Troiano, which is something that can be taken into account, will be before the court. And I think that... Has he had a pretty good record in prison, or do you know? He's got a fair record in prison. A fair record, so not a perfect one. No, it's not a perfect one. Part of the problem is that he's been identified wrongfully as a cooperator, and that's caused him problems. And the other thing is that if the court looks at the judgment and sees what Judge Gilmore recommended in terms of placement in the Bureau of Prisons, none of those things happened. So part of her request to the BOP was... None of the... What do you mean, none of those things happened? That he be placed in a facility which would treat his physical and mental health problems. That never happened. He went to a penitentiary. He's been at one or another penitentiary for the entire time. I guess I'll reserve my 16 seconds, if I might. I'll make sure that you have sufficient time. Thank you. May it please the Court. My name is Marion Purcell, and I represent the United States in this matter. It is completely clear that the standard that applies here is abuse of discretion. Section 2255B itself sets forth the four options that a court may follow in a situation like this. And of those four options, the two relevant ones are resentencing and correction of the sentence. And 2255 specifically says that the court should choose the remedy that as may appear appropriate. That's the language of the statute. This is clearly discretionary language. And as I believe the Court has already pointed out, the district judge in this case considered those options, took them seriously, understood full well that she had discretion to hold a resentencing if it were appropriate, concluded that the change to count four had absolutely no effect on the sentence in the other three counts. How do you distinguish then Swisher, which would seem to suggest a no vote review? Swisher was, if I recall correctly, a case involving whether relief should be granted, not which remedy was appropriate once relief has been granted. So it involved what, the denial of the 2255 motion? Is that what you're suggesting? That's my recollection. I don't recall the facts of Swisher in any detail. I remember concluding that it was not pertinent here because it didn't go to that choice among the four potential remedies. In this case, it happens that what drove the bus here, so to speak, was the career offender guideline and not the ACCA designation. The ACCA count four carried the 360 to life not because it was an ACCA remedy, sorry, penalty, but because the career offender guidelines trumped it. So the career offender guidelines are what govern counts one, two, and four and not the ACCA. So once the ACCA was taken off, the only thing that changed was no longer having a 15-year mandatory sentence but having a 10-year maximum sentence. So the correction of that sentence was exactly the right approach for the judge to take. So you would disagree with Mr. Wolf's statement that the guideline range would change on counts one and two? I strongly disagree. I suspect that when he says that, although he didn't get into that level of detail, he is believing that the guideline range would change not because of the loss of the ACCA count but because the guidelines themselves have changed since the time of the original sentencing. And he's ignoring the fact that as a matter of statute and case law, the guidelines that were in effect at the time of the original sentencing are the guidelines that would apply on a resentencing. That's Section 3742G1, and it has been recently. Except with respect to count four. If we had a resentencing, absolutely, if we had a resentencing, the guidelines would be capped by that 10 years. So isn't the real question whether count four really was considered with counts one and two? It depends, Your Honor, on what is meant by is really considered. The only thing, really, that appellant relies upon is 5G1.2, which is entitled Sentencing on Multiple Counts of Conviction. Every single time a district court sentences a defendant based on multiple counts of conviction, the district court has to go to Section 5G1.2 and figure out what to do. That doesn't make them bundled in the sense of the sentences having an actual effect on each other. And in this particular case, they didn't have an actual effect on each other. It's my understanding that four had a guideline range floor of not less than 15, correct, at the time? It did, Your Honor, yes. And the court chose a 17, right? That's correct. So how does that relate to this issue that we have before us? I think it underscores, Your Honor, the fact that the sentence was not driven by that 15-year mandatory minimum. Even if it had been 15 years, I certainly wouldn't concede it. But here, the fact that the sentence was higher than that 15-year mandatory minimum, again, proves that the court was considering the whole host of 3553A factors and not dependent solely upon that and not tied to that mandatory minimum. And the 17 is a significant downward departure from 360. Which was the guideline range for three of the four counts. That's exactly right, Your Honor. And that, too, underscores the exercise of discretion that the court followed. Is there any case which would suggest the district court violated the law when it made that decision? I've been completely unable to find any, nor has opposing counsel. I don't believe that there is a single case that provides that the sentence packaging doctrine is mandatory. What it is is a very appropriate option for a court which believes that based upon the loss of one of the counts, the sentence should be recalculated. The most obvious — And the court understood it was making a discretionary decision as I read the transcript, correct? Absolutely clear. Yes, Your Honor. It was — if she had not understood that this was discretionary, this would be a different case. If she thought she had no choice, then perhaps a remand would be necessary in order to determine whether she would have exercised the choice she didn't know she had. But here, she understood what her discretion was. She reached a conscious and verbalized her reasons for concluding that there was no reason to revisit the sentence. On the subject of revisiting the sentence, in fact, Mr. Troiano's record in jail was pretty — has been pretty poor. He's lost — I sort of got that sense from the way Mr. Wolfe answered my question. It's — there's a document in the appellee's supplemental excerpts of record that indicates that he's lost 142 days of good time behavior due to two serious assaults and two incidences of fighting. The sentence might, in fact, go up if he were resentenced today. That's — let me turn to one of the uncertified issues. Are you prepared to talk about those? I would say minimally, Your Honor. Minimally. All right. Well, then maybe I won't ask you a question. Well, can we try it? Well, I was going to say the decision to challenge the career offender designation under the guidelines, doesn't Beckles foreclose that? Beckles does, as does the August of 2018 decision of this court in Bankston, which expressly states that in the absence of a constitutional void for vagueness problem, there would be no other basis. We'd have to suggest, in order to reach that, that this is a vagueness challenge, wouldn't we? I believe so. I think my adversary thinks that there's another way to word it. I think that Bankston shut that option down, saying that there is no other basis other than void for vagueness for reaching that conclusion. And that is certainly foreclosed by Beckles. If the court has no further questions, I will take a seat. Thank you. Thank you. I think the Eleventh Circuit's decision in Brown, which we've cited, indicates the way that the question of the application of the sentencing package doctrine ought to be examined. And what I think the Eleventh Circuit has said is if the district court necessarily exercised some discretion when it opted to maintain the total 24-year sentence, then that really meant that the sentencing doctrine applies and it needed to have a resentencing. So the decision whether or not to grant a resentence is not discretionary once the court grants some form of relief. That's basically your position. Well, not quite. It's close to that. But it's really that if in maintaining its current sentence, which is the same sentence, the district court exercised some discretion, then really there was a resentencing call for it. I think that's a fair reading of the lessons of Brown. I'm not sure that's any different. I mean, to me, it sounds mandatory under your view of the law. And I think in this case it is because if you reach a 24-year sentence when you're dealing with a 22-year floor below which you can't go, that's a different exercise of discretion when you reach a 24-year sentence and you're dealing with a 7-year floor below which you cannot go. I guess the problem I'm having with the argument is it seems to me that it puts the computation of the guidelines as preeminent over fashioning an appropriate sentence for this particular offender. The guidelines are supposed to be advisory. It looked to me like what Judge Gilmour was trying to do was to try to figure out in the face of a recidivist offender how much time is appropriate. And she, I think, departed downward substantially because she wanted to give him some hope based on his age that if he was able to successfully navigate the Bureau of Prisons that he'd still have some time left to live life as a free man. And shouldn't that be the most important question for the district court in the exercise of his discretion? Perhaps. But I think that if you imagine the arguments that could have been made or would have been made if you have two cases, one the case with a 7-year mandatory minimum consecutive and one with a 22-year mandatory minimum. If the judge is approaching the 22 years because the ACCA requires 15 and the 924C requires plus 7, the government will be arguing, well, wait, you're not giving the guy any sentence at all for the Hobbs Act robbery. And if you have that same sentencing and what you're dealing with is a 7-year mandatory minimum because the ACCA case has gone away, which is what's happened now, I think it's necessarily a different calculus. And so in determining that she wasn't going to change her sentence based on granting him ACCA relief, it's my view that the judge necessarily exercised discretion in doing that. And when the court exercised discretion. Essentially what she was telling you at the hearing was, look, I considered the first time around when I sentenced Mr. Troiano his history and so on, and I fashioned a sentence that I thought would be appropriate under all the factors I have to consider. In essence, you got the break that you're going to get the first time around, and it's not going to be any different the second time around. I think that's what she was trying to say. Right, and when you do that, you're exercising discretion. And if my interpretation of the Brown case is right, when you're going to do that as a district judge, you ought to have a resentencing. To give him the same sentence. If that's the calculation or that's the court's determination after the resentencing. That's right. So what she had to do was to say, I'm resentencing you, and I'm going to resentence you to what you had before. Well, she has to have a hearing and has to give him an opportunity to be heard. He was in the prison. She said, I don't need to hear from him, and I don't want him to come here, and he didn't come here. So there's a difference there. And apparently his allocution the first time around must have had some effect on the court because she did go down. I mean, 157 months is a pretty substantial reduction. I'm not disputing that. I know. Okay. But 24 years is an awful long time, too. It's a very long sentence. All right. Thank you. Thank you. We thank counsel for the argument. Troiano v. United States is ordered and submitted.
judges: Tallman, Bybee, N.R. Smith